UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
MAY 09 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-143-KSF

FRANK BARRETT                                                                    PLAINTIFF

VS:             **MEMORANDUM OPINION AND ORDER**

WARDEN BOOKER, ET AL.                                                DEFENDANTS

Frank Barrett, an individual currently incarcerated at the Federal Medical Center in Lexington, Kentucky, has submitted a *pro se* document complaining of his medical care at the prison, and he has moved to proceed with this action *in forma pauperis*. The motion will be granted by separate Order. For reasons which will appear obvious below, this Court liberally construes the instant action to be a civil rights complaint and will refer to Barrett as a plaintiff.

The matter is now before the Court for an initial screening pursuant to 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

### CLAIMS

The plaintiff claims that deliberate indifference is being exhibited toward a shoulder injury.

### DEFENDANTS

The plaintiff names the prison's Warden Booker and a unit manager named Coleman as the two defendants.

### RELIEF REQUESTED

Plaintiff asks only that his issues be resolved.

## ALLEGATIONS

The following is a summary or construction of the plaintiff's claims, as contained in the initial pleading [Record No. 1].

The plaintiff writes that he was convicted of conspiracy to distribute heroin in the U. S. District Court for the District of Vermont, No. 2:99-CR-01, and on April 18, 2000, he was sentenced to 121 months' imprisonment. He appealed that judgment, but it was not successful. The plaintiff indicates that he did not file a collateral attack or make any other challenges to his conviction.

The bulk of the plaintiff's complaint is about his medical condition. He writes that on August 28, 1998, he was injured by police and falsely arrested. He allegedly suffered a dislocated shoulder, but it was not x-rayed for a year. The plaintiff further complains that because of the incident, he could not effectively participate in his trial and appeal. Additionally, his own lawyer "refused to bring the information forward causing this deliberate indifference."

The plaintiff claims that the injuries have left his right shoulder crippled; he suffers severe pain; and the injuries have caused a stroke, which then caused him to attempt suicide. He alleges that the prison has refused him an appointment with a neurologist or other private physician.

## DISCUSSION

The first issue is the nature of the instant action. This is a *pro se* case and, as such, the pleadings are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

In the case *sub judice*, the plaintiff did not file a complaint form. He submitted allegations handwritten on a petition form commonly used by prisoners seeking habeas relief pursuant to 28 U.S.C. §2241. However, use of the petition form is not determinative of the true nature of the instant action. Rather, having read and evaluated his initial pleading, the Court is of the opinion that the instant action is a federal prison conditions case brought under 28 U.S.C. §1331. The plaintiff complains of the medical care provided in his confinement, and also uses the "deliberate indifference" language of Eighth Amendment law. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To state a claim that is cognizable as an action under 28 U.S.C. §1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Id.* at 397.

However, prior to evaluating his allegations under the above-stated standards, the Court must examine whether the plaintiff has met a pre-condition to filing a lawsuit in federal court. In the Prison Litigation Reform Act of 1995 (PLRA), the United States Congress amended a statute to require that prisoners exhaust the available administrative remedies prior to filing a lawsuit about the conditions of their confinement. Effective April 26, 1996, the amended statute reads in pertinent part as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).

3

The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 525 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

It is a prisoner-plaintiff's burden to demonstrate exhaustion of his or her administrative remedies, with regard to each claim and each named defendant/respondent, by either attaching copies of documents therefrom or by describing with particularity the administrative steps he took and responses he received in the process. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.* It is the plaintiff's initial burden to demonstrate that he has met the exhaustion requirement before filing a federal lawsuit about the conditions of his confinement.

The administrative remedies available to inmates confined in Bureau of Prisons ("BOP") institutions are found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff (commonly called a BP-8 or 8 ½ form), thereby providing prison personnel with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden (on a BP-9 form). See §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director (a BP-10), and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General

4

Counsel (BP-11). *See* §542.15.

In the instant case, the plaintiff has attached to his complaint a copy of only one grievance about care for his shoulder, and it was written on April 1, 2005. Further, he has written in his petition/complaint that an appeal to the regional director "will be filed by April 15." Obviously then, the petitioner was in only the early stages of the administrative process when he filed the instant action on April 13th. By his own admission, the plaintiff did not exhaust the BOP administrative remedy process prior to filing the instant lawsuit, and so this action must be dismissed.

Courts have recognized that the statutory exhaustion requirement includes a component of fair notice to the potential defendants, *i.e.*, prisoner-plaintiffs must exhaust their claims as to each defendant associated with the claim. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *see also Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999), *cert. denied*, 530 U.S. 1286 (2000). The instant plaintiff has presented no facts of any action taken by either Defendant Booker or Defendant Coleman which injured him. Thus, the purpose as well as the letter of the law of exhaustion is frustrated.

As the United States Court of Appeals for the Sixth Circuit has explained, administrative exhaustion gives officials a first opportunity to take corrective action. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). Also, in the words of the Third Circuit:

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Lyons v. United States Marshals*, 840 F.2d 202, 205 (3rd Cir. 1988). Also, the plaintiff is advised of a series of unpublished opinions about the impermissibility of prisoners short-circuiting the

5

system and alleging the futility of going further: *McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. 2000); *Fisher v. Wickstrom*, 230 F.3d 1358, 2000 WL 1477232 (6th Cir. 2000); and *Mentecki v. Corrections Corp. of America*, 2000 WL 1648127 (6th Cir. 2000).

Because Plaintiff Barrett did not exhaust his administrative remedies prior to filing the instant lawsuit, the suit must be dismissed without prejudice to his right to file at a later time, after full exhaustion.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Barrett's complaint is **DISMISSED**, *sua sponte,* and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the ____ day of May, 2005.

KARL S. FORESTER, SENIOR JUDGE

6